UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-11541-RWZ

SVEN GRIKSCHEIT and STEVE THARPE

v.

CISCO SYSTEMS, INC.

MEMORANDUM OF DECISION AND ORDER

October 24, 2007

ZOBEL, D.J.

## I. Introduction

Plaintiffs filed this action against Cisco Systems, Inc. ("Cisco") in Suffolk Superior Court on July 25, 2007. Cisco timely removed the action to federal court and filed a motion to dismiss. For the reasons discussed below, the motion is allowed.

## II. Factual Background

Plaintiffs worked as employees for Bizi International ("Bizi"). They allegedly provided Cisco and law enforcement officials with information about a scheme by Bizi to defraud Cisco. They state in the complaint that they believed Cisco would compensate them for their cooperation and filed suit after Cisco refused to do so, alleging breach of contract, promissory estoppel, quantum meruit, fraud and unjust enrichment.

## III. Legal Standard

Motions to dismiss are reviewed pursuant to the notice pleading requirements of

Fed. R. Civ. P. 8(a)(2), which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff's statement of its claim must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Educadores Puertorriquenos en Accion v. Hernandez, 367 F. 3d 61, 66 (1st Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). For purposes of the motion to dismiss, I accept as true all well-pleaded allegations. Ezra Charitable Trust v. Tyco Int'l, Ltd., 466 F.3d 1, 6 (1st Cir. 2006). However, I must eschew "bald assertions [and] unsupportable conclusions." Educadores, 367 F.3d at 68. In considering the merits of a motion to dismiss, the court may consider only "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which judicial notice can be taken." Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).

**IV.   Discussion**

Plaintiffs' complaint fails to set forth the grounds for its claims. With regard to the breach of contract claims, the complaint simply asserts, in conclusory fashion, that the plaintiffs "formed an agreement with Cisco," without providing any detail regarding the alleged contract or its terms. Plaintiffs similarly allege generally that an agreement was made "through the words and actions of the parties," but provide no specifics about those words or actions. Although plaintiffs allege that each "believed that he would be reasonably compensated," they fail to provide any supporting facts, making it difficult for either the court or Cisco to discern the basis for their beliefs. It is true that the

notice pleading standards of Rule 8(a) are minimal, but "minimal requirements are not tantamount to nonexistent requirements." Educadores, 367 F.3d at 68; see also Armstrong v. Rohm and Haas Co., Inc., 349 F. Supp. 2d 71, 81 (D. Mass. 2004) (vague and indefinite promises allegedly made by defendant found insufficient to allege claims for breach of contract and promissory estoppel).

 Plaintiffs' other claims suffer from the same fatal flaw. They allege, in support of their promissory estoppel claim, that, "[d]efendant's assertion and actions representing that [p]laintiffs would be compensated in fact induced the [p]laintiffs to provide work . . .," and, "[t]he [p]laintiffs acted reasonably in relying on defendant's promise to pay." However, they again do not provide any detail regarding Cisco's alleged actions, assertions, or promises that would support these allegations. It is impossible to determine, based on these allegations, whether Cisco's alleged statements may have been too vague or indefinite to induce reasonable reliance. See Armstrong, 349 F. Supp. 2d at 81-82. In addition, these defects doom plaintiffs' unjust enrichment and quantum meruit claims, as the paucity of facts regarding Cisco's alleged conduct leaves the court unable to evaluate the parties' reasonable expectations. See Bolen v. Paragon Plastics, Inc., 747 F. Supp. 103, 107 (D. Mass. 1990) (quantum meruit claim requires plaintiff to demonstrate reasonable expectation of receiving compensation); Salamon v. Terra, 477 N.E.2d 1029, 1031 (Mass. 1985) ("The injustice of the enrichment or detriment in quasi-contract equates with the defeat of someone's reasonable expectations.") (internal quotation marks and citation omitted). Plaintiffs must do more than simply regurgitate the requisite elements of the causes of action.

Without some factual detail, plaintiffs' allegations amount to no more than bald and unsupported conclusions that fail to place Cisco on notice of the grounds for their claims. The allegations, insufficient under Rule 8, necessarily also fail to meet Rule 9(b)'s heightened pleading standard for the counts alleging fraud. Fed. R. Civ. P. 9(b).

**V.     Conclusion**

Accordingly, defendant's motion to dismiss is ALLOWED. Judgment may be entered dismissing the complaint without prejudice.

|  |  |
|---|---|
| October 24, 2007 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |